Middleditch v. Williams.

---

Margaret L. Middleditch et al., appellants,

v.

Marie C. Williams and William P. Williams, respondents.

1. To entitle a person to file a *caveat* he must have some interest in the result of the contention against the probate of the will.

2. Certain relatives of an infant, who was the only one to be benefited by a refusal of probate, filed a *caveat* in their own names and conducted the suit as if the infant had been the caveator and they her next friends, until the cause reached this court, upon an appeal by the caveators from a decree of the prerogative court.—*Held*, that the caveators and appellants had no standing in court because of want of interest in the result of the suit.—*Held* further, that the record would be remitted to the prerogative court that it might there be amended by a substitution of the name of the infant as caveator and appellant, by the admission of a next friend to prosecute the suit, and for further proceedings in the cause as amended.

On appeal from a decree advised by the vice-ordinary, whose opinion is reported in *18 Stew. Eq. 726.*

*Mr. Francis E. Marsh,* for the appellants.

*Mr. J. Frank Fort,* for the respondents.

The opinion of the court was delivered by

REED, J.

The argument of this cause was arrested *in limine* upon the suggestion of the court that the appellants seemed to have no interest in the subject-matter of the litigation, and so had no standing as a party to the cause. The cause was retained to receive briefs and to await further advisement upon this prefatory question.

The following, I think, is a sufficient statement of facts to disclose the attitude of the appellants toward the matters involved in the suit: The appellants filed a *caveat* against the probate of the will of William H. Livingston. Upon the trial, in the Essex county orphans court, the will was attacked upon the grounds—*first,* that the testator had not testamentary capacity by reason of insanity; and, *secondly,* that its execution was induced by fraudulent devices. The testator died February 4th, 1888, leaving an only child, a daughter, aged seven or eight years. He left his property to his mother-in-law, and, in case of her death, to one William P. Williams, a son of his mother-in-law, each, however, to hold the property in trust for his daughter until she attained the age of twenty-five years.

The will provided that when the daughter should arrive at that age the property should be turned over to her, but she was to support her grandmother, the already-mentioned mother-in-law.

The will further provided that, in the event of the daughter's dying before the mother-in-law, the property should go to the mother-in-law. Also, that in case both daughter and mother-in-law should die before the death of the son of the mother-in-law, William P. Williams, the property should go to said Williams.

· This briefly states the rights of the parties under the will and discloses the position of affairs if the will should be annulled. In that event the infant daughter would take all the property absolutely.

What interest, then, have the caveators in the attempt to defeat the probate of the paper?

According to the course of procedure in the English courts, no one could compel proof of the execution of a will in solemn form who had not an interest in the result of the trial. *Wms. Ex. 381; Schoul. Ex. & Adm. § 69.*

It is quite clear that no one can accomplish a similar purpose by filing a *caveat* under our statute, unless his legal rights are involved in the action so taken.

Now, the caveators were relatives of the deceased—one a brother and the other a nephew.

No interest accrues to them by reason of kinship to the testator, for in neither event, whether the will stands or falls, do they profit. It may be that they might hope, by reason of their kinship to the daughter, to be benefited in some way should the property become the daughter's absolutely.

No legal right in the property would accrue to them, however, by the happening of such an event. If she were an adult, instead of being an infant, the obtrusive character of their position would be conspicuous.

The *status* of the daughter, however, does not in the least change the rule, that she, as the party in interest, should be the caveator.

The conclusion is, that these appellants have no standing in court as a party to the present attack upon the will in question.

The question remains, whether this appeal should be dismissed and thus all the proceedings in the cause go for nothing. This course would deprive the infant of the advantage of a position as caveator and would leave her cause unheard in this court of last resort.

It appears, from the opinion of the learned vice-ordinary, that the grounds of objection against the validity of the will are of some substance. It appears, from the facts already stated, that

the result of the suit will seriously affect the interest of the infant. She is of too tender an age to seriously appreciate the tendency of the proceedings, and seems to be under the care and influence of those whose interests are the opposite of hers.

Courts are always careful to extend to infants especial favor in all litigation in their behalf. *Tyler Inf. & C. § 139.*

The court will elect for an infant when it is necessary to decide between two modes of proceeding. *Dormer* v. *Fortescue, 3 Atk. 130 ; Stevens* v. *Stevens, 6 Madd. 97.*

Although an infant, by her own bill, had mistakenly submitted to pay off a mortgage, yet the court said that it must take care of the infant and not suffer her to be caught by any mistake of her agent. *Serle* v. *St. Eloy, 2 P. Wms. 386.*

So, the courts have always encouraged persons to appear as the next friend of an infant and institute suits in her behalf, and have always exercised a supervision over the character and conduct of the *prochein amy,* having regard to the interests of the infant.

A suit may, be so brought on behalf of an infant *en ventre sa mere. Wallis* v. *Hodson, 2 Atk. 117.*

In England the court will appoint a *prochein amy* as its officer to conduct a suit for an infant, and to look after his interests, and no appointment or subsequent confirmation by the infant party is requisite, whether he be an infant of the tenderest age or of years of discretion ; nor does it signify at all whether he is cognizant of the proceedings or not, or whether he is in the country or abroad ; and the infant cannot disavow the action. *Tyler Inf. & C. § 136 ; Morgan* v. *Thorne, 7 Mees. & W. 400.*

Said Lord Brougham, in *Nalder* v. *Hawkins, 2 Myl. & K. 243 :* " The true and just principle which should govern in all such cases is this : No discouragement ought to be thrown in the way of persons *bona fide* suing as next friends, but no undue facility should be given to mere volunteers, who interfere rather for their own purposes than for the infant's benefit."

The court, for the purpose of ascertaining whether the suit is really for the benefit of the infant, or whether the party appearing as next friend is a fit person for that place, will refer the

matter to a master to inquire and report, and will, in its discretion, order the suit to be stayed. *Fulton* v. *Rosevelt, 1 Paige 178 ; Nalder* v. *Hawkins, supra ; Sale* v. *Sale, 1 Beav. 586.*

The result of the cases seems to be, that the court exercises a very careful discretion, on the one hand, in order to facilitate the proper exercise of the right which is given to all persons to bring an action on behalf of infants, and, on the other hand, to prevent any abuse of that right and any wanton expense to the prejudice of infants. *Evers. Dom. Rel. 897.*

. The nearest relative of the infant is supposed to be the person who will take the infant under his protection. As it is the nearest relative who sometimes invades the infant's rights or neglects to protect him against others, the court will permit any person to institute suits on his behalf. *Evers. Dom. Rel. 895.*

The court, as we have already observed, is not bound to accept any and every person as the next friend, but will exercise its discretion, giving preference to those who, by kinship or otherwise, are best calculated to champion the infant's rights.

The father, if living and not adversely interested or otherwise disqualified, has a paramount right to the place of next friend. *Dan. Ch. Pr. 106 ; Woolf* v. *Pemberton, 6 Ch. D. 19.*

In the present case it would have been entirely proper for some one to have filed a *caveat* against the probate of this will on behalf of and in the name of the infant.

If either of the present caveators had taken this action, so far as now appears, there could have been no reasonable objection urged against the propriety of his acting as next friend of the infant. If there exists any reason for the intervention of the trial court upon this ground, it would have resulted only in the substitution of some other person in that position.

So far as appears, it would not have resulted in arresting the litigation, nor in any essential manner in changing the course of the proceeding. The error has been one of practice, technical rather than substantial.

The suit has been conducted by the appellants and by the appellees in exactly the same manner as if the infant appeared upon the record as the caveator and these parties, or one of them, as

her next friend.    Had the defect now discussed been brought to the attention of the orphans court or of the prerogative court, I think that either of these trial courts could have directed an amendment, and caused the name of the infant to be inserted in the record as the caveator, and could have permitted some one to act throughout as the infant's next friend.

This power to order an amendment, by the addition or substitution of parties bringing an action, was recognized with approval by the supreme court in the case of *Hasbrouck* v. *Winkler, 19 Vr. 431,* and by this court in *Farrier* v. *Schroeder, 11 Vr. 601.*

In our judgment, the features of the present proceedings are such that the record should be remitted to the prerogative court for the purpose of perfecting the record.    That court can order the name of the infant to be substituted for the present caveators and appellants.    It can permit either one of the present caveators, or, if circumstances then appearing require it, can admit some other person to appear as the infant's next friend.

That court can reopen the case, let the present testimony stand, hear additional testimony, make a new decree, and deal with the case as if it was before the court upon the original appeal from the orphans court.

This appeal must be dismissed, but only for the purpose indicated, and without prejudice to the rights of the party to bring a new appeal, after the record is perfected and a new decree made in the prerogative court.

*For affirmance*—None.

*For reversal*—The CHIEF-JUSTICE, DEPUE, DIXON, GARRISON, MAGIE, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, SMITH—11.