HARVEY EDWARD FISK, trustee, &c.,

*v.*

PERRIN BARTLETT FISK et al.

[Filed May 21st, 1900.]

1. Where a will provides that testator's property shall be given to such persons as would be his heirs under the statute of distribution, the clause will be construed to mean the testator's next of kin, as technically there are no heirs under the statute of distribution.

2. The statute of distribution was amended by act of March 22d, 1899, by omitting the restriction contained in the original act, that no representation should be admitted among collaterals after brothers' and sisters' children. Testator died before the statute was amended, but by the terms of his will the property was to pass to his next of kin when his wife died, which occurred after the amendment. His next of kin at that time were certain nephews and nieces, and descendants of deceased nephew and nieces.—*Held*, that the descendants of the deceased nephew and nieces were entitled to the shares which such nephew and nieces would have taken if living.

3. Where property of decedent is to be distributed among his nephews and nieces, who are his next of kin, they all share alike, and not *per stirpes*, as representing their parents.

On bill filed for the construction of the will of Jonathan Fisk, deceased.

*Mr. William M. Lanning,* for the complainant.

*Mr. George E. Green,* for the defendant Henry H. Clark & Company.

*Mr. James Willis Gleed,* for the defendants C. S. Gleed and J. W. Gleed.

REED, V. C.

· Jonathan Fisk died on December 5th, 1872. · He left a will dated January 28th, 1868, in which, after making certain bequests, he proceeded as follows:

"*Fifth.* It is my will and I do hereby give, devise and bequeath unto my beloved wife, Mary A. Fisk, the income, rents and dividends of all the rest and residue of my estate whatsoever, and wheresoever it may be, for and during the full term of her natural life.

"*Sixth.* And at and after the decease of my said wife, then I give, devise and bequeath the said residue of my estate to such persons as would then be my heirs, at law, under the statute of distribution of the State of New Jersey."

The testator left no children or issue.

His widow died March 24th, 1899.

After her death the complainant was appointed trustee to execute the testamentary trusts remaining to be executed. The estate of the testator consisted entirely of personal property. The question propounded is, among whom is this personal property to be distributed? It is observed that by the direction of the sixth clause of the will the residue is bequeathed to such persons as would be the heirs-at-law of the testator under the statute of distribution of this state then—that is, at the decease of the widow.

At the date of the death of Mary A. Fisk, there were living no ancestors and no descendants, no uncles or aunts, and no brothers or sisters, either of the whole or of the half blood of Jonathan Fisk. His nearest kin were twenty-one nephews and nieces, the children of deceased brothers and sisters of the testator.

There were also twenty-five descendants of eight deceased nephews and nieces of Jonathan Fisk.

There were also two descendants, one of a deceased grand-nephew and another of a deceased grand-niece of the testator.

It is to be first observed that there are technically no heirs-at-law under the statute of distribution. What is meant by the use of these words in the sixth clause is the next of kin under the statute of distribution.

Under our statute of distribution, as it stood previous to March 22d, 1899, it is entirely clear that the twenty-one nephews and nieces would have taken the residue to the entire exclusion of all the grand and great grand-nephews and nieces of the testator. By the statute as it then stood no representation among collaterals was permitted after brothers' and sisters' children. But

the revised act of March 22d, 1899 (*P. L. of 1899 p. 204*), struck from the statute the prohibitive clause against representation among collaterals. The statute originally stood thus:

"Section 2. In case there be no children, nor any legal representative of them, then one moiety of the said estate shall be allotted to the widow of the said intestate, and the residue of the said estate shall be distributed equally to every of the next of kindred of the intestate, who are in equal degree, and those who represent them; *provided, that no representation shall be admitted among collaterals after brothers' and sisters' children.*

"Section 3. In case there be no widow, then all the said estate to be distributed equally to and among the children; and in case there be no child, then to the next of kindred in equal degree of or unto the intestate and their legal representatives as aforesaid, *and in no other manner whatsoever.*"

The revised act of 1899 left out the italicized words in the section as above displayed.

The purpose of the legislature in making this alteration cannot be doubted.

It is true, it seems to have been the practice of the ecclesiastical court to permit no representation among collaterals beyond the children of brothers and sisters, and the prohibitive clause in the original statute of *22 & 23 Charles II.*, merely confirmed the previous practice. Yet the deliberate excision of the prohibition from our act by the legislature was well understood to be for the purpose of placing representation among collaterals upon the same footing as representation among lineals.

It is indisputable, therefore, that children of a deceased niece or nephew will divide the share of its parent, and the child or children of a deceased grand-niece and grand-nephew will take the share that its or their parent would have taken if alive.

It is mooted, however, whether all nephews and nieces take share and share alike, or whether each group of children of a deceased brother or sister take among them the share which its parents would have taken. In other words, whether they take *per capita* or *per stirpes* by representation.

They take *per capita*.

It is the doctrine under the statute of distribution that the claimants take *per stirpes* only when they stand in unequal

degrees, or claim by representation, and then the doctrine by representation is necessary. But when they stand in equal degree as three brothers, three grandchildren, three nephews, &c., they take *per capita,* or each an equal share; because, in this case, representation or taking *per stirpes* is not necessary to prevent the exclusion of those in a remoter degree. *2 Kent Com. 426; Wagner* v. *Sharp, 6 Stew. Eq. 520,* and cases cited by Chancellor Runyon and by the reporter.

The nephews and nieces, therefore, form a rank of kinsmen between whom and the testator there was none of nearer kin, and so take each an equal share of the property to be distributed. But a child or children of a deceased niece or nephew takes by representation the share the deceased parent would have taken if living; and as representation is now under the statute unlimited, the great grand-nephews and nieces, children of any deceased grand-nephew or niece, takes the share which its parent would have taken if living.

A decree will be advised in conformity with these views.