MARY E. SEWARD, Appt., *vs.* EMMA H. JOHNSON, *et al.*

DECEMBER 4, 1905.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *New Trial.  Accident and Mistake.  Probate Proceedings.  Parties.*

Petitioner, upon the decease of A., attached the interest of B., the son of A., in real estate belonging to A. which descended to B.  Application was thereafter made to admit to probate an alleged copy of a will of A.'s which left B. only $50 and made C. residuary  devisee, C. claiming that the will had been destroyed while A. was of unsound mind.  The will was refused probate and C. claimed jury trial.  Petitioner was aware of these proceedings.

Pending the appeal a compromise was effected and the will admitted to probate.  Petitioner asked for a trial under Gen. Laws cap. 251, § 2:—

*Held,* that petitioner was, by reason of his attachment, so far pecuniarily interested that he was entitled to appear and be heard, provided it should be made to appear that he was  interested in accordance with  Gen. Laws cap. 248, § 7.

*Held,* further, that Gen. Laws  cap. 251, § 2 contemplated relief to a "party" to a suit.  As petitioner did not see fit to become one, he was not entitled to relief.

*Held,* further, that there was not such an accident, mistake, or unforeseen cause as the statute contemplated.  It was either a mistake of law or an instance of negligence.

PROBATE APPEAL.  Heard on petition of a creditor for a trial, under Gen. Laws cap. 251, § 2, and petition denied.

PARKHURST, J.  This is a petition for a trial or a new trial, under chapter 251, section 2, of General Laws, R. I., viz.: "Whenever it shall be made to appear to the satisfaction of the appellate division of the supreme court, by any party or garnishee in a suit which shall have been tried or decided in the common pleas division of the supreme court, or in any district court, within one year previous to such application, that by reason of accident, mistake, or any unforeseen cause,

or for lack of newly discovered evidence, judgment has been rendered in such suit on discontinuance, nonsuit, default, or report of referees, or that such party or garnishee had not a full, fair, and impartial trial in such suit, or, in case a trial has been had in such case, that a new trial therein should be had, such division may grant such trial or new trial upon such terms and conditions as it shall prescribe."

The petitioner, William A. Lester, by affidavit sets forth that he was, on December 25, 1903, and still is a creditor of one Walter H. Johnson, son of Charles E. Johnson, deceased, late of Warwick, Rhode Island, and that his claim amounts to $1,988.65, with accrued interest; that Charles E. Johnson died December 25, 1903. At his death the petitioner attached the interest of Walter H. Johnson in certain real estate belonging to Charles E. Johnson in his lifetime, and which descended to said Walter H. Johnson, if the deceased died without a will.

It appears that said Charles E. Johnson did have a will, which he destroyed some time prior to his decease. An administrator was appointed on his estate by the Probate Court of the town of Warwick; and at or about the time of the application for the appointment of an administrator, application was made to admit to probate an alleged copy of Charles E. Johnson's will, which left Walter H. Johnson only $50 and made Mary E. Seward residuary devisee. Mary E. Seward, the proponent, attempted to show that the deceased was of unsound mind at the time he destroyed the will and that the paper she presented was a true copy. Both of these alleged facts were disputed. The judge of said Probate Court refused to admit the will to probate. Mary E. Seward appealed, claimed jury trial, and the appeal was entered in the Common Pleas Division for the county of Kent.

It further appears that Lester, the petitioner, was fully aware of all these proceedings; that he had an attorney, through whom he made the attachment above referred to; that he was in communication, either personally or through his attorney, with at least one party to the record and her attorney and was watching the progress of the case; but that he did not enter his appearance, or ask to be made a party either in the Probate

Court or in the Common Pleas Division. He now complains that the parties of record in said probate appeal, without notice to him, entered into a compromise, and that pursuant thereto a formal proceeding was had in the Common Pleas Division for the county of Kent, on the 17th day of March, A. D. 1905, when a mere formal presentation of the alleged will of Charles E. Johnson was made by the appellant, and no evidence against its validity was presented by the appellee; and that the jury returned its verdict sustaining the will; and that on the 11th day of May, 1905, the formal decree of the Common Pleas Division was entered probating said will.

The petitioner further claims that he was a "party" in interest in said proceedings, by reason of his said attachment, and by reason of his rights as a creditor of one of the heirs of said Charles E. Johnson; that the proceedings in said Common Pleas Division were in the nature of a "default," "by reason of accident, mistake or unforeseen cause," so far as he was concerned, and asks for a trial under section 2 of chapter 251, above quoted.

(1)    The petitioner was, by reason of his attachment in the suit against Water H. Johnson, so far pecuniarily interested in the lands formerly belonging to Charles E. Johnson, deceased, that he was entitled to appear and be heard either in the Probate Court, in the original proceedings there, or in the Common Pleas Division on the appeal, provided it should be made to appear to either court that he was interested, in accordance with the provisions of chapter 248, section 7, of the General Laws of R. I., viz.: "Whenever it shall be made to appear in any matter or cause pending in any probate court, or upon appeal from any such court in either division of the supreme court, that any person made a party thereto, or interested therein, has not been duly notified that the same has been brought before the court, the jurisdiction of the court where the same is, over such cause, shall not be defeated thereby, but the probate court, if such matter or cause is therein, or if the same is on appeal in either division of the supreme court, such court or any justice thereof may order such notice to be given to such person interested, of the said matter or cause, as in the discretion of

said court or justice will afford such party a reasonable opportunity to appear in said court and be heard in reference to said matter or cause. Said notice to be served on such person or party not less than fourteen days before the return-day thereof, and from and after such service and return all orders and proceedings of such court in such cause shall be as effective in binding the person named in such notice as if the proper notice of the bringing of such matter or cause had been duly issued and served upon the commencement of such matter or cause in the court of probate."

Such pecuniary interest has been frequently held sufficient to give a person a standing in court as a party interested, in matters of probate or probate appeal. *Smith* v. *Bradstreet*, 16 Pick. 264; *In re Langevin*, 45 Minn. 429; *Shepard's Estate*, 11 Penn. County Ct. 133. See also *Pierce* v. *Gould*, 143 Mass. 234, 235; *Yeaw* v. *Searle*, 2 R. I. 164; *O'Rourke* v. *Elsbree*, 11 R. I. 430; *Stebbins* v. *Lathrop*, 4 Pick. 33.

It is to be noted that in all these cases, which are cited by the petitioner, the persons interested had actually appeared and made themselves parties, and the court in each case decided that they had the right so to do. See also, as to Lester's right to become a party to the appeal, although he did not appear in the Probate Court, *McArthur* v. *Allen*, 3 Fed. Rep. 313, 319; *Wells* v. *Wells*, 4 T. B. Munroe, 152, 153; *Patton* v. *Allison*, 26 Tenn. 320, 328; *Ouachita Baptist College* v. *Scott*, 64 Ark. 349; *Lischy* v. *Schrader*, 47 S. W. Rep. 611; *Meyer* v. *Henderson*, 41 Atl. Rep. 1073; *Bonnemort* v. *Gill*, 167 Mass. 338, 340.

But Lester did not see fit to avail himself of the opportunity to become a party to these proceedings. If he had done so, he would then have been properly before the court and entitled to be heard and to produce such evidence as he saw fit in opposition to the probate of said will. If then he had not had notice of the proceedings complained of, and a compromise had been made without notice to him, he would have had a proper standing to apply to this court for relief.

The statute, section 2, chapter 251, contemplates relief to a "party" to a suit. Lester might have made himself a party within its terms had he seen fit to do so. He has not done so,

and is not entitled to relief.   See *Bonnemort* v. *Gill*, 167 Mass. 338, 340, and other cases cited, *supra.*

Furthermore, we think there was no "default," in the Common Pleas Division, such as the statute above quoted contemplates.   The affidavit of the appellant, Mary E. Seward, shows that the copy of the will alleged to be the will of Charles E. Johnson was not merely formally presented, but evidence at some length was introduced to show both its execution and contents, and also that Charles E. Johnson was of unsound mind at the time of his attempted revocation of the will by its destruction.   A proceeding of this kind can not be said to be a "default" as against a party to the record, who is represented in court and does not see fit to offer testimony; neither can it be said to be a "default" as against a person who could have become a party to the record, but has not seen fit to do so.

Nor was there any such "accident," "mistake," or "unforeseen cause" as the statute contemplates; it was either an instance of mistake of law as to the proper legal steps necessary to be taken to preserve the petitioner's interest, as in *Howard* v. *Capron*, 3 R. I. 182; or else it was an instance of negligence, and so within the scope of the opinion in *Haggelund* v. *Oakdale Mfg. Co.*, 26 R. I. 520.

We fail to find any evidence in the papers before us that the petitioner ever intended to become a party to the proceedings in question; but it seems, on the contrary, that he has purposely kept out of them, taking chances that persons who owed him no legal duty, and whose interests were or might become adverse to his, would in some way do something which would be of service to him without expense on his part.

In some vague and shadowy way the petitioner appears to attempt to represent Walter H. Johnson in this proceeding, although he does not in exact terms claim to represent him, nor does he petition in Johnson's name.   Johnson has not been heard from for several years by any one in interest, and it is not known whether he is alive or dead; and the petitioner himself states under oath that he is without the jurisdiction of this State and his whereabouts are unknown to the petitioner. The petitioner can have no standing to represent Johnson in

this matter, as it is evident he can have no authority from Johnson.

The petition for a trial or new trial is denied and dismissed.

*Arthur M. Allen*, for William A. Lester, the petitioner.
*Littlefield & Barrows*, for Mary E. Seward.