HENRY T. STETSON, substitute administrator with the will annexed of Ruth Ann Kerrick, deceased,

*v.*

ARTHUR L. KINCH et al.

[Submitted February 17th, 1921.  Decided February 28th, 1921.]

1. A bequest of the residue of an estate to certain persons and their heirs and assigns to be divided equally between them, is a bequest to the legatees individually in common, not to them as a class.

2. Under the act (*3 Comp. Stat. p. 3874 § 169*) where the nearest of kin were nieces and nephews, and the descendants of deceased nieces and nephews, the nieces and nephews living formed the stock entitled to the

fund, the survivors taking *pro rata*, and the descendants of deceased nieces and nephews taking *per stirpes*.

3. The act (*P. L. 1914 p. 69*) did not control the distribution of intestate property of one dying after its passage, but before July 4th, 1914.

On bill, &c.

*Messrs. Horace & Henry T. Stetson,* for the complainant.

*Mr. William A. Lord,* for the defendants.

BACKES, V. C.

The complainant, administrator, seeks instructions as to the disposition of funds in his hands. The fifth clause of Mrs. Kerrick's will reads:

"Fifth. All the rest, residue and remainder of my estate I give, devise and bequeath unto Catherine Reybold, wife of Edward Reybold, Margaret Matthews, widow of James Matthews, Ruth Blair, wife of Matthew Blair, children of George Kerrick and Mary Ann Kerrick, Ruth Dean, Margaret Thompson, Elizabeth K. Brown, *Lucinda Squires,* children of my. sister, Susan Darling, deceased, and to Joseph Darling, Francis Arnold and John Darling, their heirs and assigns, to be divided equally between them, share and share alike."

Lucinda Squires died before the testatrix, childless. The administrator is in doubt as to whether her share lapsed. The residuary bequest is to the legatees individually, in common, not to them as a class. *Collins* v. *Bergen, 42 N. J. Eq. 57,* rules the point. It was there said:

"The rule is that where an aggregate fund is given to several persons *nominatim,* to be divided among them in equal shares, if one of them die before the testator, the share of such decedent will lapse. The gift in this case is to six persons by name, to each one-third of one-half of the residuary estate in remainder "* * * It is true that the mere fact that the testator, in a devise or bequest to persons, mentions them by name is not conclusive upon the question whether the gift is to those persons as a class or as individuals. But the rule is as above stated, and there is nothing in this case to take it out of the rule."

See also *Trenton Trust and Safe Deposit Co.* v. *Sibbits, 62 N. J. Eq. 131.* The legacy to Lucinda Squires lapsed.

The administrator then asks to be advised to whom to make distribution of this lapsed share to Lucinda Squires which the testatrix died intestate. The testatrix died May 25th, 1914. Her nearest of kin were nephews and nieces; there were also descendants of deceased nephews and nieces. The statute of distribution, in force at the death of the testatrix, as amended by chapter 316 of the laws of 1908 (*Comp. Stat. p. 3875*) provides:

"111. And in case there be no widow, then all the said estate to be distributed equally to and among the children; and in case there be no child, then to the next of kindred, in equal degree, of or unto the intestate and their legal representatives as aforesaid."

The section is precisely the same as section 111 of the act of 1899, construed in *Smith* v. *McDonald, 69 N. J. Eq. 765; affirmed, 71 N. J. Eq. 261,* where it was held that the nearest living next of kin of the deceased form the stock entitled to the fund; that the survivors take *pro rata,* and descendants of deceased members of the class take *per stirpes.*

Counsel argued that chapter 47 of the laws of 1914 (*P. L. 1914 p. 69*) was controlling. That act was passed March 20th, 1914, just before the death of the testatrix, but did not take effect until July 4th following. *Comp. Stat. p. 4973 § 13.*

The administrator will be directed to distribute the intestate estate among the nephews and nieces and the descendants of deceased nephews and nieces; the nephews and nieces each taking a share, and the descendants of deceased nephews and nieces their ancestors' share.