The complainant is the administrator cum testamento annexo of Christine B. Dickinson, who was the administratrix cumtestamento annexo of Isaac V. Dickinson, deceased. *Page 570 
Isaac V. Dickinson's will was probated on October 22d 1872, and application is now made asking for a construction of it. The will, after directing the executor to pay the income thereof to his wife, and authorizing sale of real estate, reads:
"It is my will that my dear wife shall enjoy the annual profits of my estate, real and personal, during her natural life, and at her death my whole estate to descend to my daughter, Florence. But should my daughter, Florence, die before my wife without leaving issue, it is my will that $5,000 of my estate be paid over to my wife, and the residue of my estate remain as herein before provided, and at the decease of my wife to descend to my lawful heirs."
Florence, the daughter, died on or about February 11th, 1883, and the wife was, on the 8th day of January, 1902, paid the $5,000 legacy given her. The wife, said Christine B. Dickinson, died on August 22d 1924.
Isaac V. Dickinson had two brothers, John W. and Charles G. Dickinson, who survived him, but died before the widow.
Charles G. Dickinson had two sons, both now deceased. One is survived by his only child, Charles Floyd Dickinson; the other is survived by his only child, Florence Dickinson.
J.W. Dickinson had two children, Lillian Dickinson Purtell, who is now living, and Lena Dickinson Stow, who is deceased, but survived by two sons, John Dickinson Stow and Joseph Irving Stow.
Lillian Dickinson Purtell claims the entire corpus of the estate, with the income thereof since the death of the widow.
Charles Floyd Dickinson claims one-fourth of the estate and income. Florence Dickinson also claims one-fourth thereof, and John D. Stow and Joseph Irving Stow each claim one-eighth thereof, leaving the remaining one-fourth to said Purtell.
The testator's estate at the time of his death consisted of both real estate and personal property. The real estate was sold under the discretionary power vested by the will.
No evidence has been presented disclosing the relative amounts of the realty and personalty, or when the real estate was sold. *Page 571 
The entire residue must be considered as personalty. Scudder
v. Vanarsdale, 13 N.J. Eq. 109; Welsh v. Crater, 32 N.J. Eq. 177.
Counsel for defendants Charles Floyd Dickinson, Florence Dickinson, John Dickinson Stow and Joseph Irving Stow insists that J.W. Dickinson and Charles G. Dickinson had a vested interest in this legacy immediately upon the death of the daughter, Florence, and that, therefore, those defendants take.
This contention must fail. It is a well settled rule of construction that a gift of a legacy "at" or "when" or "after" a given event occurs vests only upon the happening of the event.Clement v. Creveling, 83 N.J. Eq. 318.
The chancellor, in Scudder v. Vanarsdale, supra, held that the word "heirs" means next of kin.
That was the law at the time of the execution of the will by Isaac V. Dickinson, who was a member of the bar of this state, and it is to be presumed that he employed the word "heirs" in its meaning as then defined by this court.
That is still the law in this state.
Vice-Chancellor Reed, in Fisk v. Fisk, 60 N.J. Eq. 195,
said: "Under our statute of distribution, as it stood previous to March 22d 1899, it is entirely clear that the twenty-one nephews and nieces would have taken the residue to the entire exclusion of all the grand and great-grandnephews and nieces of the testator. By the statute as it then stood no representation among collaterals was permitted after brothers' and sister's children."
This prohibitive clause against representation among collaterals was not included in the revised act of March 22d 1899 (P.L. 1899 p. 204), but in 1918 (P.L. 1918 p. 179) the proviso was restored.
The act of 1918 was in force when the life tenant died, and the distribution must be made to the next of kin according to the statute as it stood at that time.
The complainant will be advised to pay the residue of the estate to the defendant Lillian Dickinson Purtell. *Page 572