JULIUS SHARFF and LOUIS KOPLOWITZ, complainants-respondents,

*v.*

ROBERT TOSTI et al., defendants-appellants.

[Argued October 24th, 1930. Decided May 18th, 1931.]

Mr. *Gaetano M. Belfatto,* for the appellants.

Mr. *Benjamin Newman,* for the respondents.

The opinion of the court was delivered by

TRENCHARD, J.

This is a foreclosure suit. The complainants, who are the owners of two tracts of land in the city of East Orange, sold the same to the defendant Tosti. The conveyance was made on August 15th, 1928, and the deed was recorded on August 24th, 1928, in the Essex county register's office. Tosti and his wife at the time of the conveyance executed purchase-money mortgages in part payment of the consideration. They also executed at the same time two advance-money mortgages for $96,000 each, one on each of such tracts. These latter mortgages were duly recorded on August 24th, 1928, and each contained this recital: "Being an advance-money mortgage and being given under the terms of section 14 of the Mechanics' Lien law of the State of New Jersey." Subsequently, and on September 13th, 1928, Tosti started to erect buildings on the premises, employing labor and purchasing materials for that purpose. Two of the defendants in the foreclosure suit were the Cook and Genung Company and the Morreale-Mantione Construction Company, who had furnished materials in the erection of these buildings, and, because of the failure of Tosti to pay, had filed mechanics' liens on the property. In determining the priority of the liens, the court of chancery held that these advance-money mortgages were entitled to be paid prior to the payment of the mechanics' lien claims, and these two mechanics' lien claim defendants have appealed from the decree so adjudging.

We think that the decree of the court of chancery was right. As we read the proofs they show conclusively that the complainants advanced the full amount of these advance-money mortgages to the defendant Tosti for the purpose of enabling him to pay off the indebtedness incurred by him to contractors, laborers and materialmen. This is not denied, but it is contended that, because of the failure of the complainants to show that the moneys advanced were actually

used in the erection of the buildings, they were not entitled to priority.

An examination of the case shows that the bill of complaint contained an averment that the full amount of $96,000 had been advanced to the mortgagor on each of these advance-money mortgages. It contained another' averment to the effect that these mortgages were liens upon the property prior to the liens of the Cook and Genung Company and the Morreale-Mantione Construction Company. The defendant-appellant Morreale-Mantione Construction Company filed no answer denying these averments, and a decree *pro confesso* was taken against it.

We think that company's rights are settled by that decree under the circumstances of the present case. The rule is that no appeal will lie to this court from a decree in chancery made, as here, upon a bill which has been regularly taken as confessed against the appealing defendant for want of an answer. *New Jersey Building, Loan and Investment Co.* v. *Lord, 66 N. J. Eq. 344; Rockhill* v. *Herr, 89 N. J. Eq. 583; Waller* v. *Keuthe, 98 N. J. Law 823.*

Moreover, when the case came on to be heard before the vice-chancellor, counsel for the Morreale-Mantione Construction Company stated: "We do not claim priority over anybody in this particular suit right now." At no time was any effort made to withdraw or modify that admission. That company is therefore in the position of having consented to the part of the decree now in question. In this situation the pertinent rule is that a party cannot complain on appeal of a decree entered in conformity to his admission or consent given in open court. *Ewald* v. *Orlynsky, 76 N. J. Eq. 291.* See, also, cases collected in *3 C. J. 672.*

With respect to defendant-appellant Cook and Genung Company, the case shows that it executed a written agreement by the terms of which it contracted with the complainants that the advance-money mortgages of the latter should be prior to any lien which it might have by reason of work done or materials furnished upon the buildings.

[ . . .   ..

We think that this agreement was a bar to the claim of this company to priority of payment over the mortgages, and not only justified but required the decree in so far as that company is concerned. *R. E. Dudley Co.* v. *Aron, 106 N. J. Law 100.*

But apart from the foregoing considerations the decree below was quite justified upon other grounds which we will now state.

As we have pointed out these advance-money mortgages were executed, and also recorded, prior to the commencement of the buildings, and, that being so, the complainants-respondents were entitled to priority to the extent of the moneys advanced by them to be used in the erection of the buildings, even if it be true that the mortgagor did not appropriate these moneys in the payment of the costs of erection. This was held by this court in the case of *Franklin Society, &c.,* v. *Thornton, 85 N. J. Eq. 525, 530.* It was there declared that under section 14 of the Mechanics' Lien law (*Comp. Stat. p. 3302*), an advance-money mortgage recorded prior to the commencement of the building, is prior to mechanics' liens to the extent that money has actually been advanced thereon; and that under the statute, such a mortgagee's right does not depend upon whether or not those advances have been applied to the erection of the new building. It is only where the advance-money mortgage has not been recorded before the commencement of the building that the mortgagee is bound to show that the moneys advanced have been applied to the erection of the new building.

The decree below will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 12.

*For reversal*—None.