This is an appeal from orders of the Somerset county orphans court denying a motion to dismiss a caveat to the probate of the alleged last will and testament of Gilbert A. Van Doren, deceased, and certifying the issues to the circuit court for trial by jury. The caveators are judgment creditors of Enoch L. Van Doren, a son of the decedent. It is stated in respondents' brief that the alleged last will and testament of the decedent contained no direct devise or bequest in favor of Enoch L. Van Doren, but did set aside certain portions of the estate in trust for his benefit. If decedent died intestate, then the judgment debtor became vested with an undivided interest in the real estate of which the decedent died seized, and the judgments of the respondent caveators are liens against such interest; while if the alleged will be admitted to probate there is nothing upon which the lien of the judgment can attach.
It is contended by the appellant that the respondents are not "parties in interest" and hence not entitled to file a caveat or take any part in the probate proceedings. Appellant relies *Page 81 
upon authorities in other jurisdictions (Lockard v.Stephenson, 120 Ala. 641; Lee v. Keech (Md.),133 Atl. Rep. 835; Bank of Tennessee v. Nelson (Tenn.), 3 Head634), which, however, seem unconvincing. This court prefers to adopt the rule first established in Massachusetts to the effect that a judgment creditor of one who would inherit in the event of intestacy has a right to caveat against the probate of a will which would prevent property from descending to such heir and becoming subject to the lien of the judgment. Smith v.Bradstreet (Mass.), 16 Pick. 264; Seward v. Johnson,27 R.I. 396; Bloor v. Platt, 78 Ohio 46; Watson v. Alderson,146 Mo. 333; In re Langevin, 45 Minn. 429; Schoul. Wills § 746
(6th ed).
The soundness of such a rule may readily be demonstrated; title to real estate vests in the heir-at-law immediately upon the death of the ancestor, and at the same instant the lien of a judgment against such heir attaches to his interest in the land. If subsequently a valid will is probated, title may go in another direction and the apparent lien of the judgment be defeated; and although it is true that the will relates back and takes effect as of the date of death, yet it must be remembered that it is necessary to probate that will in order to divest the apparent lien of the judgment. Obviously, it cannot be said that the judgment creditor would not be injured by the probate of such a will. And in In re Coursen, 4 N.J. Eq. 408, Chancellor Pennington said:
"It is a general rule that all persons who might be injured by admitting a will or codicil to probate, may caveat against it."
Such a rule would seem to be but a natural corollary of that stated in Stebbins v. Lathrop (Mass.), 4 Pick. 33, where it was held that whoever has a right to offer a will in evidence or to make title under it may insist upon having it proved; and that "a creditor of a devisee has this right for the purpose of obtaining satisfaction of his debt." 1 Jarm. Wills 38 (5th Am.Ed.).
The orders of the orphans court will be affirmed. *Page 82