ESSEX COUNTY ORPHANS COURT.

IN THE MATTER OF THE ESTATE OF ISAAC SYCLE, DECEASED.

Decided December 28, 1937.

For the petitioner, *Saul Tischler*.

For the defendant (Harold L. Sycle, special administrator), *Levitan & Levitan*.

HARTSHORNE, C. P. J. The question here is whether an attaching creditor of a distributee of an estate, who has duly levied on the distributive share in the hands of the administrator, and whose claim has been reduced to judgment, can compel the administrator to account.

It should be noted, in addition, that the distributee is himself the administrator, that such distributee-administrator is a non-resident, and that there appears on record a refunding bond from the distributee to himself as administrator, reciting that such distributee has received from himself as administrator "the full and complete sum of my administrative share of the estate, amounting to the sum of $6,577.78." Petitioner's judgment almost equals such amount.

It is claimed that the estate is insolvent, that the above amount constituted its entire assets, and that such assets were properly distributed to creditors, the distributee receiving nothing. But these claims are in nowise supported by the record, which shows no insolvency proceedings, and are,

indeed, the very facts to be established by the accounting requested.

More precisely, the question is whether or not this attaching creditor, under his levy, is a "person interested in the estate," entitled under the act to an accounting. Orphans Court, section 116, 3 *Comp. Stat.* 1910, *p.* 3853.

Under the Attachment act, "a distributive share of an estate in the hands of the * * * administrator * * * may be attached in an action against the * * * next of kin for his debt." 1 *Comp. Stat.* 1910, *tit. "Attachment," p.* 136, § 5. As soon as the writ is served, both the defendant's personalty and realty are bound under lien. *Ibid.,* § 7. In the same way that an assignee of a legacy steps into the shoes of the legatee (*Executors of Luce* v. *Parke,* 17 *N. J. Eq.* 415), so, it would seem, would an attaching lienor, to the extent of his lien, particularly when his attachment is reduced to judgment. And it is generally held that an assignee of a distributive share has the right to demand an accounting. 24 *C. J., tit. "Executors and Administrators," p.* 930, § 2308.

While this right on the part of an attaching creditor under a levy, has apparently not been ruled on previously in New Jersey, the right of a "person interested in the estate" to an accounting is so similar to the right of "all persons concerned" to file a *caveat* against the probate of a will (3 *Comp. Stat.* 1910, *tit. "Orphans Court," p.* 3816, § 13), that the decisions in the latter regard are helpful. Our courts have held that "all persons concerned" is the equivalent of "parties in interest," that same includes "all persons who might be injured by admitting a will or codicil to probate," and that this includes a judgment creditor of a devisee or distributee. *Re Van Doren,* 119 *N. J. Eq.* 80; 180 *Atl. Rep.* 841. That the attaching creditor, with a judgment of over $6,000, would be very substantially injured in case the estate had been wasted, so that his judgment debtor distributee did not get his full share, is self-evident. Indeed, why should the legislature give a creditor the right to attach a distributive share in an estate, if such creditor cannot enforce it by compelling an accounting and distribution?

While there is some conflict in the authorities, both logic and practical justice so clearly support the rule giving the right here contended for, that the New Jersey courts can hardly do otherwise. 24 *C. J.* 929; 68 *Id.* 906; 11 *Am. & Eng. Encycl. L.* (*2d ed.*) 1195, *note 2.*

Of course, the fact is immaterial that another remedy may exist before another tribunal, particularly under circumstances where such remedy would be quite ineffective, in view of the non-residence of the distributee-administrator defendant.

The accounting will be ordered accordingly.