HARRIET STAWICKY, PLAINTIFF, v. STEPHEN STAWICKY, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided September 11, 1950.

*Mr. William Bruder* for plaintiff.

*Mr. Joseph B. Schwartz* for defendant.

McLEAN, J. S. C. The parties hereto were divorced. The custody of the child of the marriage was awarded to the plaintiff. Plaintiff remarried and the child has resided with her and her present husband who now seeks to adopt the child. An order giving the consent of the Court of Chancery to the adoption, pursuant to *R. S.* 9 :3--4, was entered July 19, 1948. This is an application by the defendant for an order revoking the order consenting to the adoption and for an order modifying the terms of the decree *nisi,* whereby the custody of the

child was awarded to the plaintiff and the defendant was required to pay $7 per week to the plaintiff for the support and maintenance of the child; further, that the defendant shall be given custody of the child and shall not be required to make any payments to the plaintiff for his support and maintenance.

The decree *nisi* in the divorce proceedings which made the award of custody was entered June 29, 1945, and was made final October 1, 1945. The order consenting to the adoption was entered July 19, 1948. There was no hearing. The order was entered as a matter of course on the consent of the parties. Adoption proceedings are now or have been pending in the Middlesex County Court.

█ The court has the power to revoke an order which has been made unjustly, against a right or interest that has not been heard or protected and where there has been no laches or fault on the part of the person seeking to have the decree opened. *Brinkerhoff v. Franklin,* 21 *N. J. Eq.* 334 (*Ch.* 1871).

█ █ Ordinarily, I would be disposed to revoke such an order as is here put in question if for no other reason than the manner in which it was entered. Such orders should not be entered on the consent of the parties engaged in a controversy over the custody of a child and without formal inquiry by the court. Such an order should reflect the independent judgment of the court exercising a judicial function based on proper evidence. However, there is nothing here to move the court to vacate the order at this time. To do so would disturb the orderly processes of adoption proceedings now pending in the County Court. The procedure outlined in the Adoption Act provides for a hearing, an examination and investigation by competent persons representing the State and a report for the guidance of the court. *R. S.* 9:3–6. The County Court is charged with sufficient responsibility and is vested with ample facilities to determine whether the adoption will be for the best interest of the child: it will give consideration to all the circumstances, particularly those which have arisen since the order here in question was en-

tered. Hence, the welfare of the child will not be prejudiced by the denial of the motion.

This view makes it unnecessary to discuss the purposes of the consent of the Court of Chancery required in adoption proceedings. To do so would serve no useful purpose. There are indications that the rules relating to the custody and adoption of children will be substantially changed if recommendations pending before the Judicial Conference are adopted.

■ Furthermore, the application to have the order vacated is made two years after it was entered. Meanwhile, the proceedings for adoption have progressed in the Middlesex County Court and the applicant has participated therein. He can be charged with laches to such an extent as to deny him the benefits that he might otherwise be entitled to under the rule of *Brinkerhoff v. Franklin, supra.*

■ The motion also seeks a change of custody and the amount awarded for support and maintenance. Consideration of these items is not justified on the affidavits in the moving papers. They are lacking in evidence of sufficient change in circumstances, both as to custody and income. That portion of the motion will be denied without prejudice to a renewal of the application pending the final decision of the Middlesex County Court on the question of adoption.