12 N.J. Super. 72 (1951)
79 A.2d 72
HARRIET STAWICKY, PLAINTIFF-RESPONDENT,
v.
STEPHEN STAWICKY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 5, 1951.
Decided February 26, 1951.
*74 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Marcus A. Blum argued the cause for plaintiff-respondent (Mr. William Bruder, attorney; Mr. H. Harding Brown, on the brief).
Mr. Abe Sander Schwartz argued the cause for defendant-appellant (Mr. Joseph B. Schwartz, attorney).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
Plaintiff divorced defendant on grounds of extreme cruelty. The decree nisi *75 entered in the former Court of Chancery included a provision awarding plaintiff custody of the infant child of the marriage with visitation privileges to defendant and also the privilege to have the child every other week end. Plaintiff married William Miller after the entry of the final decree on October 1, 1945. On April 29, 1948, plaintiff filed a petition in the cause alleging that Miller desired to adopt the child (who was under the age of 14 years) but that defendant refused to consent and praying the court's consent in lieu thereof. Under the adoption statute, R.S. 9:3, an adoption under such circumstances cannot be granted in the County Court unless written consents of both parents to the adoption, acknowledged or proved in the manner required by law for deeds to real estate, are presented with the complaint for adoption, except that under R.S. 9:3-4(c) the consent of one parent suffices "if the other is * * * mentally incompetent, or has forsaken parental obligations or been divorced from the father or mother of the child because of his or her adultery or desertion or extreme cruelty; provided, however, that when the consent of one parent is not presented with the petition by reason of divorce, if the court granting the divorce has made an award of the custody of the child, consent of such court to the adoption must be presented with the petition."
An order to show cause issued and was served on defendant. He did not contest the petition but filed an assent to the prayer thereof by an instrument addressed to his attorney and directing the latter "not to contest this application for consent to adoption and to inform the court that I agree and consent to the adoption of my son." Thereupon without hearing and upon defendant's filed assent the former Court of Chancery made an order entered July 13, 1948, that Miller and the plaintiff "be given consent of the Court of Chancery to adopt the said Stephen Stawicky, Jr." Subsequently defendant successfully applied to the Middlesex County Court to stay the determination of adoption proceedings in that court pending an application to the Chancery Division for an order "revoking the consent." The motion was heard in the Chancery Division on affidavits and answering affidavits *76 and was denied by order entered June 20, 1950, 9 N.J. Super. 472 (Ch. Div. 1950). Defendant appeals from the last mentioned order.
Appellant argues that the consent of the former Court of Chancery was irregularly entered notwithstanding his assent thereto because the order of July 13, 1948, was made without a hearing, "* * * that due process of law * * * would have required at least that much because it is a judicial fact to be determined by the judge from extrinsic evidence whether the court's consent should be given to the adoption" as being "what was best for the child," that the giving of the consent without such hearing and inquiry was "diametrically opposed to the inherent spirit and fundamental purpose of a court of equity, particularly when the right and custody of a minor child is concerned." His brief views the consent as having the effect of an order which "conclusively disposed of the rights of the defendant and the child."
Appellant's argument misconceives the purpose of the requirement for the Chancery consent and its effect in the adoption proceedings in the County Court and the scope of the inquiry to be made by the Chancery Court upon the application for that consent.
Adoption was unknown to the common law and is purely statutory. Gardner v. Hall, 132 N.J. Eq. 64 (Ch. 1942); affirmed, 133 N.J. Eq. 287 (E. & A. 1943). The only court with statutory jurisdiction to grant an adoption is the County Court of the county wherein the petitioner or the child to be adopted is domiciled. R.S. 9:3-1. The primary object of the hearing in the County Court is to ascertain as far as practicable whether the best interests of the child will be promoted by the adoption. R.S. 9:3-7. There must be presented with the complaint for adoption the required consents without which the County Court cannot make a valid judgment of adoption. R.S. 9:3-4; Luppie v. Winans, 37 N.J. Eq. 245 (Prerog. 1883); reversed on other grounds, Winans v. Luppie, 47 N.J. Eq. 302 (E. & A. 1890). Further, the County Court cannot grant an adoption until a report is returned by an agency appointed by it, either the Department *77 of Institutions and Agencies or an orphanage, children's home or society incorporated under the laws of New Jersey, which report shall state the findings of the agency's investigation into the truth of the allegations of the complaint and reveal such facts as may be necessary to determine the condition and antecedents of the child and of the adopting parents, in order that it may be ascertained whether the child is a proper subject for adoption, and whether the person or persons desiring to adopt the child and their home are suitable for the proper rearing of the child. This requirement of an agency investigation and report is dispensed with and a written summary of the case prepared by an agency is accepted, only when consent to the adoption is given by the Department of Institutions and Agencies or any agency thereof, or by an orphanage, children's home or society incorporated in the State, having custody and control of the child at the time of the adoption proceedings. Otherwise, such agency investigation and report are mandatorily required.
The proceeding in the divorce cause to secure the Chancery consent does not supersede the inquiry required to be made by the County Court under the statute. Despite the control of the child asserted by the Chancery Court by its custody order, the County Court may act without the Chancery consent when both parents consent to the adoption. The substituted Chancery consent, required when one parent refuses to consent, stands on no better footing in the County Court than that of the parent who has consented. Neither the consent of that court nor any other consent given under the adoption statute in any degree relieves the County Court of its solemn duty under the statute to grant the adoption only if satisfied that the interests of the child will be promoted by the adoption. The Chancery consent does not extinguish the parental right. The divesting of all legal rights and obligations due from him to the child and from the child to him can be consequences only of a judgment of adoption duly entered by the County Court in compliance with the statute. The adoption may be refused despite the Chancery or any other consent given under the statute.
*78 The Chancery consent in this case, however, as an essential to a valid judgment of adoption, plays a role in the severance of the parental right which is the consequence of that judgment. As between a parent and a third person that parental right is of great weight and importance unless overborne by the paramount consideration of the welfare of the child. Cf. Frank v. Gaylord, 119 N.J. Eq. 427 (Ch. 1936). Where, as here, the consent of one parent is not presented with the complaint for adoption by reason of divorce, that parent has a statutory right of preventing the adoption by withholding his consent if there is a subsisting custody order incidental to the judgment of divorce, and that right can be defeated only if the divorce court grants its consent in substitution for his consent. He is therefore entitled to notice of the application when practicable and to a hearing upon the question whether the protection of his parental right justifies that court in withholding its consent. The Chancery Court in making its decision should not be concerned with the question reserved by the statute for determination by the County Court, namely, whether the adoption will promote the interests of the child, but should inquire only whether the parent's refusal to consent is meritoriously founded or is prompted by mere whim or obstinacy or is based upon specious reasons.
The parent can evidence his willingness not to stand upon his parental right by executing the statutory consent in the County Court. Equally he is free not to assert that right in the Chancery proceeding. He is at liberty to default the hearing in the Chancery Court, refrain from contesting the application, or, as occurred in this case, make a hearing unnecessary by agreeing that the Chancery consent shall be given. Such was the effect of appellant's written assent to the order entered July 13, 1948, by which the former Court of Chancery gave its consent; and, at least in the absence of a showing of a ground or grounds under Rule 3:60-2 for relief from that order (and we find none in this record), the appellant cannot be heard to complain of the order entered in conformity with that assent. The order was an agreement of the parties under the sanction of the court as to what the *79 court's decision should be upon a subject within the parties' control to determine and, in the circumstances, it should not be set aside in the absence of grounds for relief under Rule 3:60-2. See Fidelity Union Trust Co. v. Union Cemetery Association, 136 N.J. Eq. 15 (Ch. 1944); affirmed, 137 N.J. Eq. 455 (E. & A. 1946); cf. Sharff v. Tosti, 108 N.J. Eq. 270 (E. & A. 1931). Accordingly, appellant's motion for vacation of the order was properly denied.
The consent of the Chancery Court does not attain any greater force in the County Court by reason of appellant's assent thereto, nor does his assent preclude him from defending the adoption proceedings. He is at liberty to resist in that cause the cutting of the parental ties on such grounds as may be relevant to that court's primary inquiry whether the adoption will promote the best interests of the child. Cf. Winans v. Luppie, 47 N.J. Eq. 302 (E. & A. 1890).
The appeal is dismissed.