33 N.J. Super. 232 (1954)
109 A.2d 706
IN THE MATTER OF THE PROBATE OF THE ALLEGED WILL OF EMMA L. HOLIBAUGH, DECEASED.
Superior Court of New Jersey, Monmouth County Court, Probate Division.
Decided November 16, 1954.
*233 Messrs. Parsons, Labrecque, Canzona & Combs (Mr. Theodore D. Parsons appearing), attorneys for the proponents.
Messrs. Applegate, Foster, Reussille & Cornwell (Mr. Samuel Carotenuto appearing), attorneys for the caveators.
SIMMILL, J.C.C.
On September 16, 1948 the Monmouth County Orphans' Court entered a decree of adoption whereby the decedent, Emma L. Holibaugh, then aged 56, was adopted by John Bennett pursuant to R.S. 2:39-1 et seq. On November 13, 1953 Miss Holibaugh died, John Bennett having predeceased her. On November 24, 1953 George Walter Holibaugh, claiming to be a natural brother, and Frederick R. Burns, claiming to be a natural half-brother, filed a caveat against the probate of Miss Holibaugh's last will and testament. The executor and other persons who are proponents of the will now move to dismiss the caveat on the ground that George Walter Holibaugh and Frederick R. *234 Burns have no interest in the estate of Emma L. Holibaugh and, therefore, may not file a caveat, contending that on and after January 1, 1952, the effective date of N.J.S. 2A:22-1, the brother and half-brother had no right to inherit from a person who had been adopted. The caveators have also made a motion to compel the proponents to join certain indispensable parties, to wit, the heirs of John Bennett.
It is established that the right to file a caveat is permitted only to those with an interest of a contention against the probate of a will or who may be injured by admitting a will to probate. 1 Kocher, New Jersey Probate Law, p. 197.
"A caveat may be filed by any person who would be injured by the probate of a will, and its function is to prevent probate without the caveators having an opportunity to be heard." In re Myers Case, 69 N.J. Eq. 793, at 799 (E. & A. 1906).
In In re Van Doren's Estate, 119 N.J. Eq. 80 (Prerog. 1935), Vice-Ordinary Berry, quoting from In re Coursen's Will, 4 N.J. Eq. 408 (Prerog. 1843), said:
"It is a general rule that all persons who might be injured by admitting a will or codicil to probate, may caveat against it."
The Court of Errors and Appeals in the case of Middleditch v. Williams, 47 N.J. Eq. 585 (E. & A. 1890), stated:
"No interest accrues to them (the caveators) by reason of kinship to the testator, for in neither event, whether the will stands or falls, do they profit."
The law seems settled in New Jersey that to entitle a person to file a caveat he must have some interest in the result of the contention against the probate of the will, and this interest is lacking in the caveators if the statute at the time of decedent's death, to wit, N.J.S. 2A:22-3, is the controlling one. Caveators concede this, but contend that the statute in effect at the time of the adoption, R.S. 2:39-1, controls, and therefore they have an interest.
*235 The pertinent part of N.J.S. 2A:22-3 provides:
"The adoption, when granted by the court, shall have the following effect: * * *. b. In all other respects all rights, privileges and obligations due from the natural parents to the person adopted and from the person adopted to them and all relations existing between such person and them shall be at an end, including the right of the natural parents and their kindred to take and inherit intestate personal and real property from and through the person adopted." (Italics added.)
Kindred means relations by blood and include collateral relations or brothers and sisters.
Adoption was unknown at common law and is solely a creature of statute. The adoption statutes, therefore, being in derogation of common law, must be strictly construed. Stawicky v. Stawicky, 12 N.J. Super. 72, 76 (App. Div. 1951), In re Adoption of Robinson, 26 N.J. Super. 440, 444 (App. Div. 1953); Gardner v. Hall, 132 N.J. Eq. 64 (Ch. Div. 1942), affirmed per curiam 133 N.J.E. 287 (E. & A. 1943).
Diligent research by counsel has failed to disclose any New Jersey adjudication on the point in question. However, as a general rule, in cases other than adoptions, the statute in force at the time of the death of the decedent governs. Lippincott v. Purtell, 98 N.J. Eq. 569 (Ch. 1925); Stetson v. Kinch, 92 N.J. Eq. 362 (Ch. 1921); In re Peterson's Estate, 85 N.J. Eq. 135 (Prerog. 1915), and, of course, the statutes pertaining to dower and curtesy similarly so hold.
It is generally recognized that the application of the statute in force at the death of the decedent depends upon legislative intent, and a statute will not be applied retrospectively unless a contrary legislative intention clearly appears. It would appear that the District of Columbia, Missouri and North Carolina hold that the effective statute is the one in force at the time of the adoption. On the other hand, Idaho, Colorado, Connecticut, Florida, Kentucky, Maine, Minnesota, Nebraska, Ohio, Texas, Vermont and New York are to the contrary and seem to hold that the controlling law is the one in force at the time of death. *236 Dodin v. Dodin, 16 App. Div. 42, 45, 44 N.Y.S. 800, 803 (App. Div. 1897), is particularly significant. The court there says:
"No right of inheritance before the death of an intestate arises from any relations existing between him and another. But those who, at the time of his death come within the description of persons entitled by law to inheritance, and those only, take the relation of inheritors to his estate. The death is the event and the conditions then existing are solely the subject of consideration in determining the right of inheritance and distribution of the estate of an intestate." (Italics added.)
In New York the provisions of the statute in force at the death of the owner of the property have been consistently applied in cases where the adoption occurred under the statute as originally enacted. 18 A.L.R.2d 965, and cases therein cited, including Dodin v. Dodin, supra.
It would, therefore, seem that the clear weight of judicial authority in our sister states and, in fact, the clear weight of logic when applied to similar situations, would be to the effect that the statute in effect at the time of the death is the controlling statute.
The statute in New Jersey in effect at the time of the death of the decedent declares that the right to inherit of the natural parents and their kindred shall be at an end. This being so, the caveators cannot take under intestacy laws and they do not take under the will. Therefore, they may not maintain an action to contest the validity of the will.
In view of the foregoing it is unnecessary for the court to decide caveator's motion. The motion of the proponents to dismiss the caveat is granted.