## Mary M. Shepard et al. *v.* Montgomery National Bank et al., Appellants.

*Wills—Issue devisavit vel non—Standing of creditors of heirs to contest will.*

The creditor of an heir has no standing to contest a will by which the heir is excluded from participating in his ancestor's estate. Shepard's Estate, next preceding case.

Argued Feb. 4, 1895. Appeal, No. 444, Jan. T., 1894, by defendants, from judgment of C. P. Montgomery Co., on verdict for plaintiffs. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Affirmed.

Issue devisavit vel non. Before WEAND, J.

At the trial defendants claimed that the will was forged.

The facts appear in the opinion of the Supreme Court in this case and in the next preceding one.

Verdict and judgment for plaintiffs. Defendants appealed.

*Errors assigned* were various instructions immaterial to this report.

*Louis M. Childs* and *Charles Hunsicker, Montgomery Evans* and *Joseph W. Hunsicker* with them, for appellants.

*N. H. Larzelere, J. Morris Yeakle* with him, for appellees.

OPINION BY MR. JUSTICE DEAN, October 7, 1895 :

This case, on the trial, really turned on the question, whether the testatrix, Harriet Y. Shepard, had executed her will in conformity with the statute. Although dated about six months before her death, it was not executed until the first part of December, the month in which she died ; she was well advanced in years, and at the time feeble physically.

We think no fair mind, on examination of the testimony, can fail to come to the conclusion that the testator intended the writing in dispute for her last will, and attempted to formally execute it. Whether she succeeded, in conformity to the statute, may be a matter of doubt. But we are not called to pass upon that doubt. We have decided in the appeal of Mary M. Shepard and others from the decree of the orphans' court awarding this issue, that the creditors, these appellants, have no standing in court as appellants from the decree of the register admitting the will to probate. As the judgment here appealed from sustains the will, we have concluded that the record will be better made up by simply affirming the judgment than by sending it back for further proceedings in the court below. Therefore the judgment is affirmed.