Bertha Collins, Appellee, et al., Appellants, v. G. R. Ahrens, Administrator, et al., Appellees.

**WILLS:** Action to Construe—Creditors. Creditors of one who
1  might inherit if a will be construed in a given way may not maintain an action to construe such will.

**APPEAL AND ERROR:** Points Noticed by Court Sua Sponte. The
2  appellate court will note, on its own motion, that a creditor of a possible legatee under a will may not maintain an action to construe the will, and therefore has no right to maintain appeal from a decision adverse to such possible legatee, even though such point was not raised in the trial court.

*Appeal from Benton District Court.*—James W. Willett, Judge.

April 6, 1920.

Rehearing Denied July 6, 1920.

The trial court dismissed a petition of said Collins to construe a will. Said interveners Hartman Company appeal.—*Affirmed.*

*C. W. E. Snyder,* for appellant.

*Tobin & Tobin* and *R. S. Milner,* for appellees.

SALINGER, J.—I.  Bertha Collins, an heir of Catherine Turnbull, deceased, instituted an action to have that will construed.  She asserted that there was intestacy as to certain 10 shares of bank stock, to the half of which she was entitled by inheritance. If there was intestacy, one D. A. Turnbull was, by inheritance, entitled to the other 5 shares.  A creditor of said D. A. Turnbull's had, by garnishment and levy, brought proceedings to subject said 5 shares to his debt.  He then intervened, and asked the court to construe the will in such manner as that the debtor would inherit said 5 shares.  The trial court dismissed the petition, and thus held that the will took said shares from both Collins and Turnbull.  The intervener only appeals.

1. WILLS: action to construe: creditors.

At the outset, appellee urges upon us that the appellant has no right to maintain an action to construe said will. Assuming, for the purposes of present discussion, that appellees have not waived the right to make this objection, we think that the objection is valid.  It was squarely held, in *Higgins v. Downs,* 101 App. Div. 119 (91 N. Y. Supp. 937), that a judgment creditor of a beneficiary cannot sue to determine the estate of the beneficiary.  Speaking to the giving construction to a doubtful or disputed clause in a will, Mr. Pomeroy, in the third volume of his work on Equity Jurisprudence (3d Ed.), says (page 2301):

"In accordance with this doctrine, which regards a trust, express or implied, as essential to the jurisdiction, it necessarily follows that the suit can only be maintained by some party *directly* interested in the trust under the will; that is, by an executor or a trustee, or by a *cestui que trust,* or a legatee; it cannot be maintained by an heir at law, or a devisee of a mere legal title, and much less by a creditor."

For this text, a very large number of cases are cited by the author.  It was ruled, in *Clark v. Carter,* 200 Mo. 515 (98 S. W. 594), that a purchaser of land from an executrix cannot proceed to have a will construed.  We held, in *De*

*Rousse v. Williams,* 181 Iowa 379, at 387, that a debtor who has no more than a right to assert an interest in property under a will is not obliged to assert such right to benefit his creditors, and that he is at liberty to make an election not to acquire property. An heir might, by successfully contesting a will, obtain means out of which payment of his debts could be made. The same result might follow from his succeeding in having the testament given a certain construction. But no one will claim that his creditor can contest the will and thus ultimately obtain satisfaction of his debt. We can see no reason why one who would have no standing to contest a will has standing to have it construed.

II. The only response of appellant is that no objection was made below to the intervention, and that, therefore, none may be made now. There was no occasion for those

2. APPEAL AND ERROR: points noticed by court sua sponte.

opposed to the intervention to concern themselves much about it, and the record shows that little attention was paid to it. It was of no importance, because the result to the intervener would be precisely the same, whether it appeared in the case or not. The proceeding to construe the will is one *in rem.* Its object was to fix the status of the title to property. It was being brought by an heir who had the right to bring it. If the court held the will did not dispose of the stock shares, then Turnbull was the owner of half of these shares, and, necessarily, the attachment of the intervener would, in that event, hold the property for the creditor. Being *in rem,* so fixing the status would fix it for this creditor, whether a party or not. If, on the other hand, at the suit of Collins the court found that there was no intestacy, and that, therefore, Collins owned none of the shares, that finding would govern the title of Turnbull, and intervener would have nothing to seize, whether it appeared in the suit or did not. Its presence in the case became material for the first time when Collins submitted to her defeat, and intervener alone appealed. It follows the objection raised by appellees must be sustained.

In view of what has been said, it may, perhaps, be unnecessary to add that this objection is one we should have raised on our own motion. The fair effect of the law on the subject is that equity has no jurisdiction to construe a will at the insistence of a mere creditor of one who might inherit if the will be construed a given way. If that is so, we could not reverse at the instance of such creditor, and would have to raise for ourselves the point that he had no standing to maintain his appeal.—*Affirmed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.